IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

K. G., by and through
her mother and natural guardian,
Leigh Ann Gann                                                                                          PLAINTIFF

V.                                                                                   CAUSE NO.: 1:09CV300-SA-JAD

HOUSTON SCHOOL DISTRICT, SCHOOL ROCK
CAFÉ, d/b/a LASTING IMPRESSIONS, INC., a/k/a
TM, INC., and JOHN DOES 1-5                                                                           DEFENDANTS

MEMORANDUM OPINION

Defendant Houston School District has filed a Motion to Dismiss under the Mississippi Tort Claims Act, Miss. Code Section 11-46-1, *et seq.* Plaintiff requested immunity-related discovery, which the Court granted. The School District has reurged the Motion to Dismiss, or in the Alternative, Summary Judgment. After reviewing the motions, responses, rules, and authorities, the Court finds as follows:

*Factual and Procedural Background*

K. G., a six-year old student at Houston Lower Elementary School, purchased a temporary tattoo of the school mascot from the Houston School District on October 10, 2008. A Houston School District employee then affixed the tattoo on the Plaintiff's face without the consent or knowledge of her parents. Plaintiff contends that placement of the tattoo resulted in permanent scarring to the child's face.

Plaintiff filed suit against the Houston School District and School Rock Café, the manufacturer of the temporary tattoo, in the Circuit Court of Chickasaw County. Defendant School Rock Café removed the case to the federal court on the basis that Houston School District was improperly joined as a defendant in order to destroy diversity jurisdiction. The time for remand has

passed. Defendant Houston School District seeks dismissal of the causes of action against it and for entry of a Final Judgment consistent with Federal Rule of Civil Procedure 54(b).

*Motion to Dismiss Standard*

In considering a motion under Rule 12(b)(6), the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 173 L. Ed. 2d 868, 883-85 (May 18, 2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. 1955 (quotation marks, citations, and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (citing Twombly, 550 U.S. at 558, 127 S. Ct. 1955) (internal quotation marks omitted)).

However, where, as here, a defendant attaches matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). Summary judgment is warranted under Rule 56(c) when evidence reveals no genuine dispute regarding any material fact, and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c).

*Discussion and Analysis*

School districts constitute "governmental entit[ies]" and "political subdivision[s]" pursuant to the Mississippi Tort Claims Act (MTCA). Miss. Code Ann. § 11-46-1(i). The MTCA provides the exclusive remedy against a governmental entity or its employee for the act or omission which gave rise to the suit. Miss. Code Ann. § 11-46-7(1). The intent of the MTCA is to provide immunity from suit to the state and its political subdivisions; however, the MTCA waives immunity for claims for money damages arising out of the torts of government entities and employees while acting within the course and scope of their employment to the extent set forth in the MTCA. Miss. Code Ann. §§ 11-46-3(1), 11-46-5(1). This waiver of immunity is subject to exemptions. Miss. Code Ann. § 11-46-9.

Defendant School District asserts two theories of immunity under the MTCA. It first asserts discretionary immunity under Section 11-46-9(1)(d). That section exempts governmental entities and their employees acting within the course and scope of their employment from liability based on claims resulting from the "exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion is abused . . . ." It is undisputed that the Houston School District employees were acting within the course and scope of their employment at all times relevant to this action. Plaintiff asserts that the actions of Defendant School District and its employees constitute ministerial duties, i.e., maintaining a safe school environment, while Defendant asserts all conduct was performed discretionarily.

The Mississippi Supreme Court adopted a two-part "public policy function" test to determine if governmental conduct is discretionary. See Jones v. Miss. Dep't of Transp., 744 So. 2d 256, 260 (Miss. 1999) (citing United States v. Gaubert, 499 U.S. 315, 322, 111 S. Ct. 1267, 113 L. Ed. 2d 335

(1991)). First, the court must determine whether the act involved "an element of choice or judgment." Id. at 260. If so, then the court must decide "whether the choice involved social, economic, or political policy." Id. Governmental conduct is considered ministerial "if it is imposed by law and the performance of the duty is not dependent on the employee's judgment." Id. at 259-60 (citing Barrett v. Miller, 599 So. 2d 559, 567 (Miss. 1992)); see also Strange v. Itawamba County Sch. Dist., 9 So. 3d 1187, 1190 (Miss. Ct. App. 2009).

The school's decision to host a school fundraiser was not mandated by statute. School Board President Carol Byrne testified that the Board allowed the individual schools two fundraisers a year, and it was up to the principal of the particular school to determine which two fundraisers to allow. The Houston Elementary School principal decided to allow the sale of temporary tattoos as a fundraiser at her school; therefore, the fundraising drive involved an element of choice or judgment which satisfies the first prong of the discretionary analysis. Plaintiff has also alleged negligence by the School District for placing a tattoo on a child's face in violation of school policy.[1] K. G.'s teacher testified that she put the tattoos on ten or eleven of her students, K.G. included. She further stated that the principal told the teachers that they could put them on the children's faces. Affixing a temporary tattoo onto a student's face as part of the fundraiser also involves an element of choice or judgment.

The question is, whether the choice involved social, economic, or political policy. The focus

---

[1] Plaintiff does not allege a specific policy prohibiting school employees from affixing tattoos onto student's faces. However, Plaintiff depends on a school policy prescribing exposed tattoos on students while on school property. Even if the Court assumes this policy creates a ministerial duty on the part of school administrators, the School District is still entitled to judgment as a matter of law on the basis of the dangerous condition exemption. See Miss. Code Ann. § 11-46-9(1)(v) (holding governmental entities and its employees immune from claims arising out of injuries caused by a dangerous condition "of which the governmental entity did not have notice . . . and adequate opportunity to protect or warn against.").

under the second prong is "on the nature of the actions taken, and whether they are susceptible to policy analysis." Dotts v. Pat Harrison Waterway Dist., 933 So. 2d 322, 326 (Miss. Ct. App. 2006). "[O]nly those functions which by nature are policy decisions, whether made at the operational or planning level, are protected." Stewart ex rel. Womack v. City of Jackson, 804 So. 2d 1041, 1047 (Miss. 2002).

Both parties agree that the temporary tattoos were sold as part of an approved fundraiser for the school. The Complaint notes that Plaintiff originally sought to purchase a school ribbon "to show her support for her school." Although the school sold out of ribbons, Plaintiff bought the temporary tattoo "[a]s a substitute for the ribbon."

Nothing in the record indicates that the School District or any employee violated any statute, ordinance, or regulation concerning holding a school fundraiser. See Covington County Sch. Dist. v. Magee, 29 So. 3d 1 (Miss. 2010). The actions taken in furtherance of the school fundraiser are grounded in public policy. See Singley v. Smith, 844 So. 2d 448, 455 (Miss. 2003) (noting that extracurricular activities are part of a well-rounded education). In a factually analogous case, the Mississippi Supreme Court held that actions taken in furtherance of a school fundraiser are discretionary as long as the conduct is taken within the course and scope of employment. Id. As noted above, there are no disputes that all actions were taken within the course and scope of employment. Moreover, the social value and economic benefit of encouraging school spirit and authorizing school fundraisers satisfy the second prong analysis. Therefore, actions taken in furtherance of the school fundraiser are discretionary and subject to immunity.

Alternatively, Defendant contends that the actions were taken as a result of the authority given under Mississippi Code Section 37-9-69. Plaintiff also cites this Mississippi Code section in support of her position. This section obligates each superintendent, principal, and teacher in the

public schools of this state "to observe and enforce the statutes, rules and regulations prescribed for the operation of schools." Mississippi case law has applied this statute in a limited context, mainly cases concerning disorderly conduct of students, or intentional acts on the part of individuals. See Henderson v. Simpson County Pub. Sch. Dist., 847 So. 2d 856, 857 (Miss. 2003) (student taunted and assaulted by another student); L.W. v. McComb Separate Mun. Sch. Dist., 754 So. 2d 1136, 1141 (Miss. 1999) (student assault on another student); Lang v. Bay St. Louis/Waveland Sch. Dist., 764 So. 2d 1234, 1240 (Miss. 1999) (fighting students caused injury to bystanding student). Compare, Covington County Sch. Dist. v. Magee, 29 So. 3d 1, 5 (Miss. 2010) (Miss. Code Section 37-9-69 does not impose a statutory duty on a school district as to oversight of football practice). Here, there is no disorderly conduct on the part of students or intentional acts to fit within the statutory confines. Based on these cases, the Court declines to apply Mississippi Code Section 37-9-69 to the issues presented in this case.

The second theory of immunity the School District proposes is the dangerous condition exemption. The Mississippi Legislature exempted governmental entities from liability of claims "[a]rising out of an injury caused by a dangerous condition on property of the governmental entity that was not caused by the negligent or other wrongful conduct of an employee . . . or of which the governmental entity did not have notice, either actual or constructive, and adequate opportunity to protect or warn against . . . ." Miss. Code Ann. § 11-46-9(1)(v).

The Plaintiff's teacher has testified that she applied the temporary tattoo according to its directions and with no advance warning of any potential harm to the Plaintiff. Moreover, the Plaintiff's school records did not contain any notation or warning that the Plaintiff may or might be allergic to adhesive material. Indeed, her records show that Plaintiff's mother indicated an allergy to milk and milk products, and the mother admitted that they were unaware of Plaintiff's allergy to

adhesives until this incident occurred. Emily Speck, the Houston Elementary School Principal, testified that she had never had any other child in her school have a problem with the temporary tattoos. Plaintiff has not presented any proof or allegation that the School District had notice that the temporary tattoos may harm any student. Thus, summary judgment on the dangerous condition exemption to the Mississippi Tort Claims Act is appropriate as well.

*Conclusion*

The School District and its employees were performing discretionary duties in holding a school fundraiser, selling temporary tattoos as part of that fundraiser, and affixing those temporary tattoos to the students. Therefore, Defendant School District is entitled to immunity under Mississippi Code Section 11-46-9(1)(d). Defendant School District would also be eligible for immunity under the dangerous condition exemption as it had no notice of possible harm from the temporary tattoos. Defendant School District is entitled to judgment as a matter of law. Accordingly, Defendant School District's Motion for Summary Judgment is GRANTED.

SO ORDERED, this the 29th day of September, 2010.

/s/ Sharion Aycock
**U.S. DISTRICT JUDGE**